[No. 15518. Department Two. January 28, 1920.]

## ALEX GARDINER, *Appellant*, v. JOSEPH GYOROG, *Respondent*.[1]

SALES (29) — CONSTRUCTION — SUBJECT-MATTER — QUANTITY AND ASCERTAINMENT THEREOF. A contract for the sale of three tons of cascara bark and also all bark that defendant "shall peel or have for sale during the season" does not include bark in excess of three tons in the possession of the defendant which he did not peel and was not offering for sale that season.

INJUNCTION (6, 7)—INADEQUACY OF REMEDY AT LAW—RECOVERY OF DAMAGES. The inadequacy of the remedy at law for breach of a contract to sell cascara bark which could have been purchased elsewhere at a small advance, is not sufficiently shown where the only evidence of defendant's insolvency was the inference to be drawn from the fact that he was the head of a family, and that he owned a home worth $300, an automobile worth $400, and one ton of cascara bark.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered April 25, 1919, dismissing an action for an injunction, tried to the court. Affirmed.

*Sherwood & Mansfield,* for appellant.

MOUNT, J.—This action was brought to enjoin the defendant from selling cascara bark to any one except the plaintiff. Upon issues joined, the case was tried to the court without a jury, and at the conclusion of the evidence the trial court was of the opinion that the plaintiff had an adequate remedy at law for damages, and thereupon dissolved the temporary restraining order which had theretofore been issued, and dismissed the action. The plaintiff has appealed.

It appears that, on August 11, 1918, the parties entered into the following contract:

[1] Reported in 187 Pac. 318.

"In consideration of one dollar each to the other paid, receipt of which is hereby acknowledged, Gyorog Bros. of Hartford, Wash., party of first part, sells and binds himself to deliver to Alex Gardiner, of North Bend, Wash., party of the second part, three tons prime, dry, merchantable cascara bark, packed in sound sacks, also all prime, dry, merchantable cascara bark, party of the first part shall peel, or have for sale during the season of 1918.

"At the price of 13c per pound.

"Delivery shall be made at Hartford, Wash., when bark is ready 1918.

"Party of the first part hereby acknowledges an advance payment of $100.

"Signed in duplicate this 11th day of August, 1918."

This contract was signed by the parties. Thereafter the respondent delivered to the appellant 5,325 pounds of cascara bark, and afterwards refused to deliver any more bark. After the delivery of the 5,325 pounds, the respondent purchased from other parties about two tons of cascara bark. The appellant demanded that the respondent deliver this quantity of bark, in addition to that already delivered, at the price of thirteen cents per pound. The respondent testified that he did not peel this bark himself; that he purchased it from other parties at from thirteen and three-quarters to fourteen cents per pound; that he was not offering it for sale during the year 1918 and intended to keep it for sale the next year. When the appellant demanded all of this bark, the respondent agreed to deliver to him the 675 pounds to make up the balance of the three tons, at the rate of fourteen cents per pound. Appellant refused to take this at first, but afterwards changed his mind and offered to take it, and then respondent refused to deliver any more bark.

The appellant argues that he is entitled to all of the bark owned by the respondent during the year 1918; that respondent is insolvent and unable to respond in

damages; and that, therefore, the court erred in not enjoining the respondent from selling this two thousand pounds of bark to other persons. It seems to us that the contract is plain to the effect that the respondent agreed to sell and deliver to the appellant three tons of cascara bark; also all prime cascara bark party of the first part might peel or have for sale during the season of 1918. His evidence very plainly shows that he did not peel the bark which he had on hand after the delivery of the 5,325 pounds, and also shows that he was not offering this bark for sale at that time. It follows, therefore, that the appellant was entitled to the difference between 5,325 and the 6,000 pounds provided for in the contract. The evidence shows that the appellant could have purchased this bark at an advance of probably one cent per pound over the contract price. In other words, the appellant in an action at law for damages, could recover one cent per pound, or $6.75. The appellant insists that the respondent is insolvent, and therefore execution proof, and that a judgment for damages would be of no avail. The only evidence of insolvency of the respondent is his testimony to the effect that he owned a house worth about $300, and an automobile worth about $400. It also appeared that he was the head of a family. The record also shows that he has on hand about 2,000 pounds of cascara bark. There may be an inference here that the respondent is insolvent, but we think it is not plain, even upon these facts, that the respondent could not respond to whatever damages the appellant might recover in an action at law for damages.

"The general principle by reason of which a litigant is remitted to a court of law if he has an adequate and efficient remedy in that tribunal, is also the test of his right to an injunction restraining the breach of a contract. The court must be satisfied of the inadequacy

of the legal remedy before it will grant the desired relief. The contract in question must not lack mutuality, must be clearly proved, and must be complete, certain and unambiguous in all of its terms, so that the rights and obligations of the parties may not be misunderstood or be in any way vague or uncertain. It seems also that the contract must be one on which an action at law could be maintained. Whether it is of such a character may, of course, be more easily and better shown by the contract itself where it has been reduced to writing." 14 R. C. L., § 84, page 383.

The court below was not satisfied of the inadequacy of the legal remedy, and we are of the opinion was amply justified by the proof upon this question.

We find no error. The judgment is therefore affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and TOLMAN, JJ., concur.